IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                         No. CR 10-3093 JB

CLAUDIA RAMIREZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a competency hearing held October 11, 2011 pursuant to 18 U.S.C. § 4241. The primary issue is whether Defendant Claudia Ramirez is mentally competent to stand trial. Because the Court concludes that Ramirez understands the nature and consequences of the proceedings against her and that she will be able to assist in her defense, the Court finds that Ramirez is mentally competent to stand trial.

      18 U.S.C. § 4241(a) provides that, once the issue of legal competence is raised:

> [T]he Court . . . shall order . . . a hearing . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). Before the date of the hearing, the Court may order that a psychiatric or psychological examination of the defendant be conducted pursuant to 18 U.S.C. § 4247(b). See 18 U.S.C. § 4241(b).

      At the October 11, 2011 competency hearing, the Court had before it a report from the Dr.

Abraham Fiszbein, M.D.  See Transcript of Hearing at 3:5-8 (October 11, 2011)(Court)("Tr.").[1]  Dr. Fiszbein has determined that Ramirez is capable of understanding the charges against her and that there is no basis for finding Ramirez incompetent.  See Tr. at 3:5-15 (Court).  Ramirez' attorney, Ken Del Valle, stipulated to the report and to Ramirez' competency.  See Tr. at 3:5-24 (Court, Del Valle).  Plaintiff United States of America also stipulated to the Fiszbein report as the record in the hearing.  See Tr. at 3:18-23 (Court, Davenport).

Although the Fiszbein report found that Ramirez could understand the charges against her, he expressed some concerns that she may not be able to consult with her present attorney.  See Tr. at 3:10-12 (Court).  At the hearing, Ramirez stated that she was satisfied with Del Valle's representation of her, that she wanted him to continue as her counsel, and that her concerns had been resolved.  See Tr. at 4:2-17 (Court, Ramirez).  Ramirez also stated that she has been in counseling.  See Tr. at 5:12-21 (Court, Ramirez, Del Valle).  The Court finds that Ramirez is sufficiently able to understand the nature and consequences of the proceedings against her, and that she is sufficiently able to assist properly in her defense.

**IT IS ORDERED** that the Defendant Claudia Ramirez is mentally competent to stand trial.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Cynthia L. Weisman
Stephen R. Kotz
  Assistant United States Attorneys
Albuquerque, New Mexico

*-- and --*

Sarah M. Davenport
Michael D. Nammar
  Assistant United States Attorneys
Las Cruces, New Mexico

  *Attorneys for the Plaintiff*

Ken Del Valle
El Paso, Texas

  *Attorneys for the Defendant*